1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                           WESTERN DIVISION
11

| | |
|---|---|
| PATRICE R. COLE, | Case No. MC 11-348-UA(CWx) |
| Petitioner, | ORDER DENYING PETITION TO PERPETUATE TESTIMONY AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| BANK OF AMERICA, LLC, et al., | |
| Respondents. | |

    Before the Court is Petitioner Patrice R. Cole's third petition to perpetuate testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure, which in this case is filed against the Bank of America Corporation, LLC, JP Morgan Chase & Company, other financial institutions and their chief financial or executive officers, the California Judicial Council, the California Supreme Court, the Los Angeles County Sheriff's Office, and Does 1 through 25.

    Petitioner purports to seek to depose "all above listed [R]espondents" regarding "claims of a purported debt of [P]etitioner" in order to perpetuate [R]espondents' testimony. [Petition 2.] The underlying facts are unclear. However, it appears that the petition

concerns a promissory note secured by a deed of trust on Petitioner's real property located within Los Angeles County. The petition also contains references to non-judicial foreclosure proceedings, but the pertinent facts and circumstances are not alleged. [Petition 3-5.]

Petitioner recently filed two substantively identical petitions naming several different respondents (see case nos. MC 11-274-UA(AJWx) and MC-11-274-UA(AJWx)) both of which were dismissed without prejudice on the basis that the petitions did not satisfy the requirements of Rule 27. This petition is likewise deficient and, therefore, must likewise be dismissed.

**A.  Applicable Law**

Rule 27(a) authorizes the filing of a verified petition requesting an order authorizing the petitioner to depose the named persons to perpetuate their testimony. To obtain such an order, the petitioner must show:

(A)  that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B)  the subject matter of the expected action and the petitioner's interest;

(C)  the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D)  the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E)  the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1); see generally 6 Moore's Federal Practice, §§ 27.02[1], 27.10, 27.13 (3d ed. 2011) (explaining Rule 27 requirements). In addition, at least twenty-one days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. Service must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 27(a)(2).

If the court finds that perpetuating the testimony will "prevent a failure or delay of justice," it must issue an order that "designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3).

Relatedly, Rule 27(c) states that "[t]his rule does not limit a court's power to entertain an action to perpetuate testimony." This subsection "preserves the right to employ a separate action to perpetuate testimony . . . as an alternate method." Fed. R. Civ. P. 27, Advisory Committee's Note to 1937 adoption; see also Nevada v. O'Leary, 63 F.3d 932, 936-37 (9th Cir. 1995) ("Section (c) of Rule 27 was not intended to expand the applicability of the other provisions of the Rule.").

B. **Application to This Case**

It is unclear here whether Petitioner is attempting to proceed under Fed. R. Civ. P. 27(a) or 27(c).[1] In any event, she has not made the required showing under either subsection; the Petition is

---

[1] The showing required under Rule 27(c) is "almost identical" to the showing required under Rule 27(a). 6 Moore's Federal Practice, §§ 27.51, 27.52 (footnotes omitted).

1  deficient in many respects.
2      First, it is not verified, nor has Petitioner filed a proper
3  proof of service of the petition on all named Respondents.[2] Fed. R.
4  Civ. P. 27(a)(1), (a)(2).
5      Second, Petitioner states that she expects to be a party to an
6  action regarding her "purported debt," but that she "cannot cause it
7  to be brought without this requested deposition to perpetuate
8  testimony . . ." [Petition 2], suggesting that Petitioner does not
9  presently have enough information to bring a claim and seeks
10 depositions to gather more facts.  Rule 27 may not, however, "be used
11 to search for possible claims or to search for possible defendants.
12 Nor should it be used to gather facts for use in framing a complaint."
13 6 Moore's Federal Practice, § 27.03 (footnotes omitted).  Petitioner
14 offers no other explanation for her alleged inability to cause an
15 action to be brought at this time.
16     Third, the petition does not plead with particularity the risk
17 that the testimony sought will be lost.  "[C]ourts have held that
18 conclusory allegations of the risk of losing testimony will not
19 satisfy the Rule's verification requirement."  6 Moore's Federal
20 Practice § 27.13[4][a] (footnotes omitted).  For example, Petitioner
21 has not shown that any particular witness is gravely ill, elderly, or
22 likely to leave the country for a prolonged period.  Therefore, the
23 petition fails to make the required showing of "reason to perpetuate"
24 the requested testimony.  Fed. R. Civ. P. 27(a)(1)(C); see Calderon v.
25
_____

26   [2] A document labeled "proof of service" attached to the Petition
27 indicates that named respondent Blank Rome LLP was (or at least may
   have been) served by mail, but there is no "attached service list" as
28 stated on the proof of service.

4

1  U.S. Dist. Ct., 144 F.3d 618, 621 (9th Cir. 1998) ("Rule 27(a) allows
2  a party to take depositions prior to litigation if it demonstrates an
3  expectation of future litigation [and] explains the substance of the
4  testimony it expects to elicit and the reasons the testimony will be
5  lost if not preserved.") (quoting Penn. Mut. Life Ins. Co. v. United
6  States, 68 F.3d 1371, 1373 (D.C. Cir. 1995)).

7      Fourth, Petitioner's numbered list of proposed deposition topics
8  or questions indicates that she intends to ask potential deponents
9  for, among other things, "admissible evidence" on many topics.
10 [Petition 5-15.] Some - questions twenty (20) through twenty-seven
11 (27), twenty-nine (29) through thirty-six (36), thirty-nine (39)
12 through forty-one (41), forty-four (44) through forty-eight (48), and
13 fifty (50), for example - seek "admissible evidence" of the truth of
14 various propositions of pure law.  Others - questions sixty-two (62)
15 through sixty-eight (68), seventy-two (72), seventy-seven (77), and
16 eighty-five (85), for example - seek "admissible evidence" that a
17 particular case, regulation or statute "has ever been invalidated,
18 overturned, or repealed."  Petitioner has not demonstrated need to
19 preserve testimony on such matters.

20     Finally, Petitioner has not specified which deponent will be
21 asked about which topics, making it impractical and infeasible for the
22 court to issue the order contemplated by Fed. R. Civ. P. 27(a)(3).

23     Because Petitioner has failed to meet her burden under rule 27,
24 her petition to depose witnesses to perpetuate testimony is **DENIED**,
25 and this action is **DISMISSED WITHOUT PREJUDICE**.  Petitioner is
26 ////
27 ////
28

1 | directed to serve a copy of this order on any Respondents who were
2 | served with the petition.
3 | **IT IS SO ORDERED.**
4 | DATED: _Sept. 7, 2011_

```
                                    _____
                                    Audrey B. Collins
                                    United States District Judge
```