1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10                              **WESTERN DIVISION**

11

12   PATRICE R. COLE,                )   Case No. MC 11-348-UA(CWx)
                                      )
13                 Petitioner,        )   ORDER DENYING PETITION TO
                                      )   PERPETUATE TESTIMONY AND
14           v.                       )   DISMISSING ACTION WITHOUT
                                      )   PREJUDICE
15   BANK OF AMERICA, LLC, et al.,    )
                                      )
16                 Respondents.       )
     _____)

17

18       Before the Court is Petitioner Patrice R. Cole's third petition

19   to perpetuate testimony pursuant to Rule 27 of the Federal Rules of

20   Civil Procedure, which in this case is filed against the Bank of

21   America Corporation, LLC, JP Morgan Chase & Company, other financial

22   institutions and their chief financial or executive officers, the

23   California Judicial Council, the California Supreme Court, the Los

24   Angeles County Sheriff's Office, and Does 1 through 25.

25       Petitioner purports to seek to depose "all above listed

26   [R]espondents" regarding "claims of a purported debt of [P]etitioner"

27   in order to perpetuate [R]espondents' testimony. [Petition 2.]  The

28   underlying facts are unclear.  However, it appears that the petition

1  concerns a promissory note secured by a deed of trust on Petitioner's
2  real property located within Los Angeles County.  The petition also
3  contains references to non-judicial foreclosure proceedings, but the
4  pertinent facts and circumstances are not alleged. [Petition 3-5.]

5      Petitioner recently filed two substantively identical petitions
6  naming several different respondents (see case nos. MC 11-274-UA(AJWx)
7  and MC-11-274-UA(AJWx)) both of which were dismissed without prejudice
8  on the basis that the petitions did not satisfy the requirements of
9  Rule 27.  This petition is likewise deficient and, therefore, must
10  likewise be dismissed.

11  **A.     Applicable Law**

12      Rule 27(a) authorizes the filing of a verified petition
13  requesting an order authorizing the petitioner to depose the named
14  persons to perpetuate their testimony.  To obtain such an order, the
15  petitioner must show:

16  (A)  that the petitioner expects to be a party to an action
17       cognizable in a United States court but cannot presently
18       bring it or cause it to be brought;

19  (B)  the subject matter of the expected action and the
20       petitioner's interest;

21  (C)  the facts that the petitioner wants to establish by the
22       proposed testimony and the reasons to perpetuate it;

23  (D)  the names or a description of the persons whom the
24       petitioner expects to be adverse parties and their
25       addresses, so far as known; and

26  (E)  the name, address, and expected substance of the testimony
27       of each deponent.

28

1  Fed. R. Civ. P. 27(a)(1); see generally 6 Moore's Federal Practice, §§
2  27.02[1], 27.10, 27.13 (3d ed. 2011) (explaining Rule 27
3  requirements). In addition, at least twenty-one days before the
4  hearing date, the petitioner must serve each expected adverse party
5  with a copy of the petition and a notice stating the time and place of
6  the hearing. Service must be made in accordance with Rule 4 of the
7  Federal Rules of Civil Procedure.  Fed. R. Civ. P. 27(a)(2).

8  　　　If the court finds that perpetuating the testimony will "prevent
9  a failure or delay of justice," it must issue an order that
10  "designates or describes the persons whose depositions may be taken,
11  specifies the subject matter of the examinations, and states whether
12  the depositions will be taken orally or by written interrogatories."
13  Fed. R. Civ. P. 27(a)(3).

14  　　　Relatedly, Rule 27(c) states that "[t]his rule does not limit a
15  court's power to entertain an action to perpetuate testimony."  This
16  subsection "preserves the right to employ a separate action to
17  perpetuate testimony . . . as an alternate method."  Fed. R. Civ. P.
18  27, Advisory Committee's Note to 1937 adoption; see also Nevada v.
19  O'Leary, 63 F.3d 932, 936-37 (9th Cir. 1995) ("Section (c) of Rule 27
20  was not intended to expand the applicability of the other provisions
21  of the Rule.").

22  **B.    Application to This Case**
23  　　　It is unclear here whether Petitioner is attempting to proceed
24  under Fed. R. Civ. P. 27(a) or 27(c).[1]  In any event, she has not made
25  the required showing under either subsection; the Petition is

26  _____

27  　　　[1] The showing required under Rule 27(c) is "almost identical" to
   the showing required under Rule 27(a).  6 Moore's Federal Practice, §§
28  27.51, 27.52 (footnotes omitted).

1 | deficient in many respects.

2 |     First, it is not verified, nor has Petitioner filed a proper

3 | proof of service of the petition on all named Respondents.[2]  Fed. R.

4 | Civ. P. 27(a)(1), (a)(2).

5 |     Second, Petitioner states that she expects to be a party to an

6 | action regarding her "purported debt," but that she "cannot cause it

7 | to be brought without this requested deposition to perpetuate

8 | testimony . . ." [Petition 2], suggesting that Petitioner does not

9 | presently have enough information to bring a claim and seeks

10 | depositions to gather more facts.  Rule 27 may not, however, "be used

11 | to search for possible claims or to search for possible defendants.

12 | Nor should it be used to gather facts for use in framing a complaint."

13 | 6 Moore's Federal Practice, § 27.03 (footnotes omitted).  Petitioner

14 | offers no other explanation for her alleged inability to cause an

15 | action to be brought at this time.

16 |     Third, the petition does not plead with particularity the risk

17 | that the testimony sought will be lost.  "[C]ourts have held that

18 | conclusory allegations of the risk of losing testimony will not

19 | satisfy the Rule's verification requirement." 6 Moore's Federal

20 | Practice § 27.13[4][a] (footnotes omitted).  For example, Petitioner

21 | has not shown that any particular witness is gravely ill, elderly, or

22 | likely to leave the country for a prolonged period.  Therefore, the

23 | petition fails to make the required showing of "reason to perpetuate"

24 | the requested testimony.  Fed. R. Civ. P. 27(a)(1)(C); see Calderon v.

25 |

26 |     [2] A document labeled "proof of service" attached to the Petition

27 | indicates that named respondent Blank Rome LLP was (or at least may have been) served by mail, but there is no "attached service list" as

28 | stated on the proof of service.

1   U.S. Dist. Ct., 144 F.3d 618, 621 (9th Cir. 1998) ("Rule 27(a) allows

2   a party to take depositions prior to litigation if it demonstrates an

3   expectation of future litigation [and] explains the substance of the

4   testimony it expects to elicit and the reasons the testimony will be

5   lost if not preserved.") (quoting Penn. Mut. Life Ins. Co. v. United

6   States, 68 F.3d 1371, 1373 (D.C. Cir. 1995)).

7        Fourth, Petitioner's numbered list of proposed deposition topics

8   or questions indicates that she intends to ask potential deponents

9   for, among other things, "admissible evidence" on many topics.

10   [Petition 5-15.] Some – questions twenty (20) through twenty-seven

11   (27), twenty-nine (29) through thirty-six (36), thirty-nine (39)

12   through forty-one (41), forty-four (44) through forty-eight (48), and

13   fifty (50), for example – seek "admissible evidence" of the truth of

14   various propositions of pure law.  Others – questions sixty-two (62)

15   through sixty-eight (68), seventy-two (72), seventy-seven (77), and

16   eighty-five (85), for example – seek "admissible evidence" that a

17   particular case, regulation or statute "has ever been invalidated,

18   overturned, or repealed."  Petitioner has not demonstrated need to

19   preserve testimony on such matters.

20        Finally, Petitioner has not specified which deponent will be

21   asked about which topics, making it impractical and infeasible for the

22   court to issue the order contemplated by Fed. R. Civ. P. 27(a)(3).

23        Because Petitioner has failed to meet her burden under rule 27,

24   her petition to depose witnesses to perpetuate testimony is **DENIED**,

25   and this action is **DISMISSED WITHOUT PREJUDICE.**  Petitioner is

26   ////

27   ////

28

5

1 | directed to serve a copy of this order on any Respondents who were

2 | served with the petition.

3 | **IT IS SO ORDERED.**

4 | DATED: _____Sept. 7, 2011_____

5 |

6 |

Audrey B. Collins
United States District Judge

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |